**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Ohio Asphalt Paving, Inc.,**

      **Plaintiff,**

**-V-**                                          **Case No. 2:05-cv-0546**
                                               **JUDGE SMITH**
                                             **Magistrate Judge Abel**

**Board of Commissioners of**
**Coshocton County, Ohio,**

      **Defendant.**

## OPINION AND ORDER

Plaintiff, Ohio Asphalt Paving, Inc. ("OAP") asserts a claim for injunctive relief under 42 U.S.C. § 1983, arguing that defendant Board of Commissioners of Coshocton County, Ohio ("Commissioners") violated OAP's due process and equal protection rights by failing to award OAP a contract for highway work. OAP moves for a preliminary injunction requiring the Commissioners to award the contract to OAP. For the reasons that follow the Court grants OAP's motion.

### I.  Background

The facts of the instant case are substantially similar to

those of Consolidated Case No. 2:05-cv-0336, with one notable exception. In the instant case, unlike Case No. 2:05-cv-0336, intervener Apache Aggregate and Paving Company ("Apache") has already started work on the Project.

On June 17, 2005, the Court issued an opinion and order granting OAP's motion for a preliminary injunction. The question presently before the Court is whether OAP's motion for preliminary injunction in the instant case should be granted in light of the Court's ruling in Case No. 2:05-cv-0336.

The Court finds that the relevant facts are well-established and that an evidentiary hearing is unnecessary.

## II. Standard of Review

The Court considers four factors in determining whether to issue a TRO or preliminary injunction:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

Chabad of S. Ohio & Congregation Lubavitch v.City of Cincinnati, 363 F.3d 427, 432 (6th Cir. 2004). The factors are not prerequisites; rather, they must be balanced. Capobianco, D.C. v. Summers, 377 F.3d 559, 561 (6th Cir. 2004).

### III.  Discussion

### A.  Likelihood of success on the merits

The legal issues this case presents are identical to those presented in Case No. 2:05-cv-0336.  For the same reasons the Court stated in its decision of June 17, 2005 in Case No. 2:05-cv-0336, the Court finds in this case that the Commissioners abused their discretion in determining that Apache was the lowest and best bidder for the Project.  As a result, the Court finds that OAP has demonstrated a strong likelihood of success on the merits in this case.

### B.  Irreparable harm

The Court finds that the constitutional deprivation in this case constitutes irreparable harm.

### C. Harm to others

As in Case No. 2:05-cv-0336, the issuance of an injunction in this case would result in substantial harm to Apache.  In this case, the harm is arguably increased by the fact that Apache has already started work on the project.  Nonetheless, it was Apache that urged the Commissioners to accept an erroneous interpretation of the bidding documents.  From the standpoint of

equity, therefore, Apache bears some responsibility for this turn of events.  The Court finds that although this factor weighs against the granting of injunctive relief, the weight of the factor is reduced somewhat in view of Apache's role in this case.

### D.  Public interest

The Court finds that the public interest would be best served by requiring the local government to rationally administer the bidding process in accordance with predetermined standards, prior notice of which has been provided to the bidders.

The Court will proceed to balance the four factors.  OAP has demonstrated a substantial likelihood of success on the merits.  The Court has found that OAP will suffer irreparable harm in the absence of an injunction.  An injunction would serve the public interest by preserving the integrity of the bidding process.  The only factor that weighs against the granting of a preliminary injunction is the harm an injunction would cause to Apache.  Weighing these factors together, the Court finds that injunctive relief is appropriate in this case.

### IV.  Disposition

For the above reasons, the Court **GRANTS OAP**'s motion for a preliminary injunction.

The Court **PRELIMINARILY ENJOINS** the defendant as follows:

1.  The Court enjoins Coshocton County, through its Commissioners, from awarding the contract for the Project to Apache, such prohibition to include Coshocton County's (i) execution of a contract with Apache to perform any work on the Project, (ii) authorization to Apache to perform any work on the Project, and (iii) payment to Apache for work performed on the Project; and

2.  The Court directs Coshocton County, through its Commissioners, to award the contract for the Project to OAP under the terms of its bid.

**IT IS SO ORDERED.**

 /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**